UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GLORIA ROMERO,

                    Plaintiff,

-vs-                                                    Case No.  6:12-cv-838-Orl-22KRS

HARMONY RETIREMENT LIVING, INC.,

                    Defendant.
_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT:

        This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT . . . (Doc. No. 28)** |
| **FILED:** | **May 21, 2013** |

I.      PROCEDURAL HISTORY.

        On June 4, 2012, Plaintiff, Gloria Romero, filed a complaint against Defendant, Harmony

Retirement Living, Inc. ("Harmony Retirement"), alleging violations of the Fair Labor Standards

Act, 29 U.S.C. § 201 *et seq.* ("FLSA").  Doc. No. 1.  On May 21, 2013, Romero filed her motion

for partial summary judgment, seeking summary judgment as to Harmony Retirement's liability

for failing to pay her overtime compensation in compliance with the FLSA and her entitlement to

liquidated damages in light of Harmony Retirement's inability to make out a good faith defense.

Doc. No. 28.  In support of her motion, Romero filed the following:

- A copy of her answers to the Court's FLSA Interrogatories (Doc. No. 28-1); and

- A copy of a payroll register from Harmony Retirement showing her earnings from May 24, 2009 through January 15, 2011 (Doc. No. 28-2).

Harmony Retirement filed its response to Romero's motion on June 20, 2013.  Doc. Nos. 30-31.  In support of its response, Harmony Retirement filed the following:

- A response to Romero's statement of undisputed material facts (Doc. No. 30);

- A copy of Romero's employment application (Doc. No. 31-1);

- An affidavit of Harmony Retirement administrator Magdalena Joy Cabral, including  attached copies of Romero's employment application, Romero's paystubs for some pay periods that ended between June 6, 2009 and September 12, 2009, and a payroll register for the pay period ending January 15, 2011 (Doc. No. 31-2); and

- An affidavit of Harmony Retirement live-in resident manager Evelyn Bryden (Doc. No. 31-3).

Romero filed her reply on July 3, 2013.  Doc. No. 32.  Accordingly, this matter is now ripe for resolution.

## II.    RELEVANT FACTS.

With this lawsuit, Romero alleges that Harmony Retirement violated the overtime provisions of the FLSA by failing to pay her at a rate of one-and-a-half times her regular hourly rate for all hours worked in excess of forty (40) per week.  Doc. No. 1.

The evidence submitted in support of Romero's motion and Harmony Retirement's response is sparse, vague and, at times, ambiguous. The parties agree that Romero worked at Harmony Retirement as a caregiver for resident patients from July 2006 to January 2011 and that, in that capacity, she was responsible for various functions, including feeding, bathing, and

-2-

administering medication to patients who resided at Harmony Retirement's facility, as well as running errands, cooking, and cleaning the facility.  Doc. No. 1 ¶ 11; Doc. No. 13 at 1; Doc. No. 28-1 at 2-3; Doc. No. 30 ¶ 1.  The parties also agree that Romero was paid an hourly wage of $12.00 per hour.  Doc. No. 28-1 at 2; Doc. No. 30 ¶ 3.  Romero has averred, and Harmony Retirement has admitted, that there was an employer-employee relationship between Romero and Harmony Retirement.  Doc. No. 28-1 at 2-3; Doc. No. 13 ¶ 1 (admitting ¶¶ 4 and 10 of Romero's Complaint); Doc. No. 30 ¶ 2.

In her answers to the Court's FLSA Interrogatories, Romero averred that she was not paid one-and-a-half times her base wage rate of $12.00 per hour for all overtime hours worked.  Doc. No. 28-1 at 7.[1]  The number of hours she worked, however, is disputed.

Romero averred that she worked overtime hours in many of the two-week pay periods that ended between June 6, 2009 and December 18, 2010.[2]  In support of her motion for summary judgment, however, Romero also relied on pay records apparently produced by Harmony Retirement, Doc. No. 28-2.[3]  The Harmony Retirement pay records create material issues of fact

---

[1]  Although not entirely clear, it appears that Romero is seeking only the one-half hourly rate overtime premium for hours worked over forty per work week.  *See* Doc. No. 28 at 3 ("Despite this, Romero never received more than her base wage rate of twelve dollars ($12.00) per hour.").  Nevertheless, the chart calculating damages attached to her answers to the Court's interrogatories appears to assume that she was not paid $12.00 per hour for all hours worked.  Doc. No. 28-1 at 7. The amount she was paid goes to damages, rather than liability.  Therefore, the amount she was actually paid need not be resolved for purposes of the present motion.

[2]  It appears that the chart refers to two-week (that is fourteen-day)  pay periods ending on a given date.  Romero did not aver how many hours she worked in each pay period, which is the basis on which overtime compensation is awarded.

[3]  These pay records were not authenticated by Romero.  Harmony Retirement has not challenged their authenticity in its response to the motion.

regarding the number of hours Romero worked in many of the two-week pay periods.  While it appears that Romero disputes the accuracy of Harmony Retirement's pay records[4], that factual dispute cannot be resolved on summary judgment.

Harmony Retirement's pay records do show that Romero worked more than eighty (80) hours in several pay periods for which she was not paid the overtime premium.  Doc. No. 28 at 3. In support of its response, Harmony Retirement presented evidence that Romero altered her time cards, put in for time not worked, and asked another employee to punch out her time card when she had not been at the workplace for several hours.  Doc. No. 31-2 at 3; Doc. No. 31-3 ¶ 7.  This evidence also raises material issues of fact about the number of hours Romero actually worked, which issues cannot be resolved on summary judgment.[5]

---

[4]  In the summary judgment brief, Romero asserts that she was "prohibited" from recording "off-the-clock" work (Doc. No. 28 at 3).  The only evidence in the record on this issue is that Romero checked the box "Off the clock work (Defendant failed to record, or prohibited you from recording, all of your working time[)]" in her answers to the Court's interrogatories  Doc. No. 28-1 at 3.  This is insufficient to establish that Harmony Retirement prohibited Romero from recording her work as compared with Romero failing to record her work.

[5]  Harmony Retirement also submits evidence in support of its estoppel and unclean hands defenses, including evidence purporting to show that Romero lied on her employment application by representing herself to be a certified nursing assistant and that Romero harassed, threatened, and defamed co-employees so that they would quit.  Doc. No. 31-2 at 3.  For reasons discussed more fully below, these facts are not relevant to the resolution of Romero's motion for partial summary judgment.

### III.   SUMMARY JUDGMENT STANDARD.

Federal Rule of Civil Procedure 56(a) allows for partial motions for summary judgment, stating, "A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought."  A court should grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *Id*.  It is the movant who "bears the initial burden of identifying for the district court those portions of the record 'which it believes demonstrate the absence of a genuine issue of material fact.'"  *Cohen v. United Am. Bank of Cent. Fla.*, 83 F.3d 1347, 1349 (11th Cir. 1996) (quoting *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1396 (11th Cir. 1994)*, modified on other grounds*, 30 F.3d 1347 (11th Cir. 1994)).  For issues on which the moving party would bear the burden of proof at trial,

> that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial.  In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party.

*U.S. v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (internal citations and quotations omitted).  "If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made."  *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993) (citing *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991)).  Once the movant carries its initial burden, the non-movant may avoid summary judgment by demonstrating an issue of material fact.  *Id*.  The non-movant must provide more than a "mere 'scintilla' of evidence" supporting its position, and "there must be enough of a showing that the jury could reasonably

find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986)).

When analyzing a motion for summary judgment, a court draws all reasonable inferences from the evidence in the light most favorable to the non-movant and resolves all reasonable doubt in the non-movant's favor. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citing *Lubetsky v. Applied Card Sys., Inc.*, 296 F.3d 1301, 1304 (11th Cir. 2002)). In addition, the court does not make credibility determinations when ruling on a motion for summary judgment. *See Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012) (citing *Anderson*, 477 U.S. at 255).

## IV.    ANALYSIS.

### A.    *Legal Standard.*

The FLSA provides that employees are generally entitled to receive overtime pay at one-and-a-half times their regular hourly rate for all hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1). When making a claim for unpaid overtime under the FLSA, a plaintiff bears the burden to establish the existence of an employment relationship with the defendant, that he or she is an employee engaged in commerce or employed by an "enterprise" engaged in commerce, and that he or she worked over forty hours per week but was not paid overtime wages. *See* 29 U.S.C. § 207(a); *Anish v. Nat'l Secs. Corp.*, No. 10-80330-CIV, 2010 WL 4065433, at *2 (S.D. Fla. Oct. 15, 2010) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)). On the last point, where the employer's records are inaccurate or inadequate, the employee may satisfy his or her burden "if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show that the amount

and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

The "statute of limitations for claims seeking unpaid overtime wages generally is two years, but if the claim is one 'arising out of a willful violation,' another year is added to it." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162 (11th Cir. 2008) (citing 29 U.S.C. § 255(a)).  To establish that a violation of the FLSA was willful, "the employee must prove by a preponderance of the evidence that his employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was."  *Id.* at 1162-63 (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

Once liability has been established, the FLSA provides that an employer who violates its overtime pay provisions "shall be liable to the employee . . . affected in the amount of [his or her] . . . unpaid overtime compensation . . . and in an additional amount as liquidated damages."  29 U.S.C. § 216(b).  However, there is a good faith defense to liquidated damages "'if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA].'"  *Spires v. Ben Hill Cnty.*, 980 F.2d 683, 689 (11th Cir. 1993) (quoting 29 U.S.C. § 260).  An employer seeking to avoid liquidated damages bears the burden of proving the good faith defense.  *Id.* (citations omitted).

B.     *FLSA Liability.*

Romero has moved for partial summary judgment with respect to the issue of Harmony Retirement's liability for unpaid overtime under the FLSA.  I recommend that the Court deny this motion for several reasons, which are discussed separately below.

1.     Employment Relationship and FLSA Coverage.

Romero bears the burden of establishing an employment relationship and FLSA coverage. Harmony Retirement admitted in its summary judgment response that Romero was its employee. Accordingly, there is no genuine issue of material fact with respect to this element.

As to FLSA coverage, Romero relies on 29 U.S.C. § 203(s)(1)(B), which provides FLSA coverage to an enterprise that is "engaged in the operation of . . . an institution primarily engaged in the care of the sick, the aged or the mentally ill or defective who reside on the premises of such institution." Doc. No. 28 at 3 n. 3. Romero did not cite to any evidence in the record that establishes the nature of Harmony Retirement's primary business.

Because Romero has not established that Harmony Retirement is a covered enterprise under the FLSA, the motion for partial summary judgment cannot be granted.

2.     Claims Accruing More Than Two Years Prior to Lawsuit Filing.

As mentioned above, the general statute of limitations for FLSA overtime claims is two (2) years. That statute of limitations can be extended to three (3) years, but only if the plaintiff shows that any FLSA violation was willful.

Romero states in a footnote in her motion that she is not seeking summary judgment on the issue of willfulness. Doc. No. 28 at 1 n. 1. Without a finding of willfulness, the statute of limitations bars the Court from entering summary judgment as to liability for pay periods more than two (2) years before Romero filed her complaint in this case.

Therefore, the motion for summary judgment as to liability for pay periods more than two (2) years before Romero filed her complaint cannot be granted.

3.      Claims Accruing Two or Fewer Years Before Romero Filed her Complaint.

With respect to claims that accrued two or fewer years before Romero filed her complaint, there are also genuine issues of material fact that preclude the entry of partial summary judgment as to liability.  Specifically, as mentioned above, the discrepancy between Romero's answers to the Court's interrogatories and Harmony Retirement's payroll records raise material issues of fact. Harmony Retirement also submitted evidence that Romero altered her time cards, put in for time not worked, and asked another employee to punch out her time card when she had not been at the workplace for several hours.  This evidence creates genuine issues of material fact regarding whether Harmony Retirement's pay records accurately reflect the time Romero actually worked in each pay period and, thus, whether she worked overtime hours for which she was not properly compensated.

Therefore, the motion for summary judgment as to liability for pay periods within two (2) years before Romero filed her complaint cannot be granted.

C.      *Harmony Retirement's Good Faith Defense.*

Romero has also moved for partial summary judgment as to her entitlement to liquidated damages, arguing that Harmony Retirement cannot establish its good faith defense.  Doc. No. 28 at 4-5.  Under the FLSA, a plaintiff is entitled to liquidated damages only if a defendant is liable for FLSA violations.  Because there are genuine issues of material fact preventing the Court from granting summary judgment as to Harmony Retirement's liability for FLSA violations, it would be premature to determine Harmony Retirement's good faith for purposes of deciding liquidated damages.  *See Turner v. Aldo U.S., Inc.*, No. 8:08-cv-1062-T-30MAP, 2009 WL 2489267, at *4

(M.D. Fla. Aug. 10, 2009) (denying plaintiff's motion for partial summary judgment on the issue of liquidated damages as premature where triable issues remained on plaintiff's overtime claims).

Therefore, the motion for summary judgment as to liquidated damages also cannot be granted.

## V.  RECOMMENDATION.

For the reasons stated above, I recommend that the Court **DENY** Romero's motion for partial summary judgment on the issues of liability and her entitlement to liquidated damages.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 19, 2013.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

-10-