UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GLORIA ROMERO,**

      **Plaintiff,**

**v.**                                                                 **Case No: 6:12-cv-838-Orl-22KRS**

**HARMONY RETIREMENT LIVING, INC.,**

      **Defendant.**

**ORDER**

This cause comes before the Court on Plaintiff Gloria Romero's ("Plaintiff") Objection (Doc. No. 37) to the Magistrate Judge's Report and Recommendation (the "R&R") (Doc. No. 34) concerning Plaintiff's Motion for Partial Summary Judgment (Doc. No. 28). Defendant Harmony Retirement Living, Inc. ("Defendant") opposed the Motion for Partial Summary Judgment (*see* Doc. Nos. 30, 31) but failed to respond to Plaintiff's Objection. For the reasons contained herein, Plaintiff's first three objections are overruled, the fourth is sustained, and the Magistrate Judge's R&R will be adopted and confirmed.

**I. BACKGROUND**

Plaintiff filed a Complaint against Defendant seeking unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201–219. ("FLSA"). Plaintiff was employed as a "caregiver" by Defendant from July 2006 to January 2011; she was paid $12.00 per hour, but claims that she regularly worked in excess of forty hours per week without being paid time and a half for those overtime hours. Plaintiff moved for partial summary judgment only on the issues of Defendant's liability under the FLSA and the availability of liquidated damages.

## II. LEGAL STANDARD

District courts review *de novo* any portion of a magistrate judge's disposition of a dispositive motion to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Ekokotu v. Federal Express Corp.*, 408 F. App'x 331, 336 n.3 (11th Cir. 2011) (per curiam).[1] The district judge may reject, modify, or accept in whole or in part the magistrate judge's recommended disposition, among other options. Fed. R. Civ. P. 72(b)(3). *De novo* review of a magistrate judge's findings of fact must be "independent and based upon the record before the court." *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988). The district court "need only satisfy itself that there is no clear error on the face of the record" in order to affirm a portion of the Magistrate Judge's recommendation to which there is no objection. Fed. R. Civ. P. 72 advisory committee's note (1983).

## III. ANALYSIS

Magistrate Judge Spaulding recommended that the Motion be denied as to liability because Plaintiff failed to establish that Defendant is a covered enterprise under the FLSA, the statute of limitations prohibits liability for pay periods more than two years before Plaintiff filed suit (absent a finding of willfulness, which Plaintiff did not assert on summary judgment), and Defendant introduced sufficient evidence to raise material issues of fact as to its liability for pay periods during the past two years. Because of those issues of fact, Magistrate Judge Spaulding was unable to determine whether Defendant acted in good faith for purposes of deciding whether liquidated damages were available.

Plaintiff raises four objections in the instant filing: (1) that sufficient publicly-available evidence exists to establish that Defendant is covered by the FLSA; (2) that sufficient record

---

[1] Unpublished Eleventh Circuit cases are persuasive, but not binding.

evidence is available to establish the existence, though not the amount, of unpaid overtime hours; (3) that Defendant did not produce any evidence of good faith; and (4) that summary judgment is appropriate on Defendant's affirmative defense asserting the professional exemption to the FLSA.

Plaintiff's first objection is overruled because the Magistrate Judge correctly determined that Plaintiff failed to cite any evidence in the record that established FLSA coverage of Defendant. Plaintiff's discussion of this issue is confined to a single conclusory footnote in her Motion, (*see* Mot. Summ. J. 3 n.3), which the Magistrate Judge correctly concluded was insufficient to satisfy Plaintiff's burden to "show[] that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

Although Plaintiff does provide some evidence supporting her claim for unpaid overtime hours, and correctly notes that Defendant's records indicate that she worked some overtime, Defendant provided sufficient evidence in its Memorandum in opposition to the Motion (Doc. No. 31) to generate material issues of fact that foreclose summary judgment. Specifically, Evelyn Bryden testified in the form of an affidavit that she personally received calls from Plaintiff requesting that she "punch out" Plaintiff's time card after Plaintiff "had already left the workplace for several hours." (Mem. Opp'n Ex. C (Doc. No. 31-3) ¶ 7.) The law governing summary judgment is quite indulgent of non-movants' testimony. Generally, "a [non-movant's] testimony cannot be discounted on summary judgment unless it is blatantly contradicted by the record, blatantly inconsistent, or incredible as a matter of law, meaning that it relates to facts that could not have possibly been observed or events that are contrary to the laws of nature." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013) (citing *Scott v. Harris*, 550 U.S. 372, 380–81, 127 S. Ct. 1769, 1776 (2007)). In this case, Bryden's testimony creates a

material issue of fact as to whether Plaintiff actually worked any of the overtime hours that she claimed.[2]

Plaintiff claims that her burden of proof is limited to demonstrating that she "performed work for which [s]he was improperly compensated . . . [by] produc[ing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Moon v. Technodent Nat'l, Inc.*, No. 5:06-cv-358-Orl-19GRJ, 2008 U.S. Dist. LEXIS 40423, at *6 (M.D. Fla. May 19, 2008) (citation omitted). While this may be the burden on a plaintiff seeking to avoid judgment as a matter of law, as was the plaintiff in *Moon*, a party in the same procedural posture as Plaintiff in the present case bears the burden of demonstrating, consistent with Rule 56, that there is no issue of material fact to preclude a finding of liability. Whether Defendant's conflicting evidence is sufficient to sustain its burden at trial is of no moment – by seeking summary judgment, Plaintiff assumes a considerable burden of proof that she is presently unable to meet. Thus, Plaintiff's second objection will also be overruled.

Because the Court cannot grant summary judgment as to Defendant's liability, there is no basis to find that Defendant failed to act in good faith in denying Plaintiff overtime pay. Accordingly, Plaintiff's third objection is overruled.

Finally, Plaintiff's fourth objection is sustained. There is no issue of material fact to foreclose summary judgment in favor of Plaintiff on Defendant's ninth affirmative defense, concerning the professional exemption to the FLSA. It is clear that neither party disputes that Plaintiff was paid an hourly wage. The Magistrate Judge did not reach this issue, so this finding is not inconsistent with the R&R.

---

[2] Plaintiff's request to depose Bryden before disposition of the Objection is denied. The Court cannot make credibility determinations at this stage, so deposition testimony would likely be of little use in light of the affidavit.

## IV. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Magistrate Judge Spaulding's July 19, 2013 Report and Recommendation (Doc. No. 34) is **ADOPTED and CONFIRMED** and made a part of this Order.

2. Plaintiff Gloria Romero's Objection to the Report and Recommendation (Doc. No. 37, filed August 2, 2013, is **SUSTAINED in part and OVERRULED in part**. Plaintiff's fourth objection, concerning Defendant Harmony Retirement Living, Inc.'s professional exemption affirmative defense, is **SUSTAINED**. Plaintiff's remaining objections are **OVERRULED**.

3. Plaintiff's Motion for Partial Summary Judgment (Doc. No. 28), filed May 21, 2013, is **DENIED**.

4. This case is **REFERRED** to Magistrate Judge Spaulding to conduct a settlement conference prior to trial.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on September 16, 2013.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record

Unrepresented Parties